**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 09-4588**

─────────────

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

CHARLIE VAYSHONE GREEN,

               Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:02-cr-00163-FDW-1)

─────────────

Submitted: May 26, 2010         Decided: June 17, 2010

─────────────

Before KING, GREGORY, and SHEDD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

D. Baker McIntyre III, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charlie Vayshone Green appeals the district court's order revoking his term of supervised release and imposing a sentence of thirty-three and one-half months of imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious issues for appeal, but questioning, as requested by Green, whether the district court proceeded improperly with the supervised release revocation hearing after the state charges had been dismissed, whether the district court abused its discretion in concluding that Green possessed crack cocaine without a laboratory report confirming the identity of the substance, whether the district court abused its discretion in concluding that Green violated supervised release by failing to return to the reentry center, whether the district court abused its discretion in failing to give advance notice that it was contemplating a sentence above the Guidelines range, and whether the district court abused its discretion in sentencing Green to a term of imprisonment greater than the top of the Guidelines range. In his pro se supplemental briefs, Green essentially repeats the issues raised by counsel. The Government declined to file a brief. We affirm.

This court reviews a district court's order imposing a sentence after revocation of supervised release for abuse of

2

discretion. United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995). The district court abuses its discretion when it fails or refuses to exercise its discretion or when its exercise of discretion is flawed by an erroneous legal or factual premise. James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993). In a revocation proceeding, "findings of fact are made under a preponderance-of-the-evidence, rather than reasonable doubt, standard, the traditional rules of evidence are inapplicable, and the full panoply of constitutional protections afforded a criminal defendant is not available." United States v. Armstrong, 187 F.3d 392, 394 (4th Cir. 1999) (internal quotation marks and citations omitted). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). In determining whether the evidence in the record is substantial, this court views the evidence in the light most favorable to the government. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). Green's claim that the district court erred in proceeding with the revocation hearing after the underlying state charges were dismissed is without merit. Further, our review of the record convinces us that the court correctly concluded that Green committed the alleged violations, and properly revoked his supervised release.

If a defendant first presents his sentencing assignments of error to the district court or otherwise argues for a sentence below the advisory policy statement sentencing range calculated by the district court, this court reviews a sentence imposed after revocation of supervised release to determine whether it is "plainly unreasonable." United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010); United States v. Crudup, 461 F.3d 433, 437-40 (4th Cir. 2006). Green preserved his claims by asserting that he was not given adequate notice of the district court's intent to upwardly depart from the Guidelines range, and by requesting a sentence within the advisory Guidelines range of eighteen to twenty-four months, which was less than the sentence imposed by the district court.

The first step in the analysis is to determine whether the sentence was unreasonable. Crudup, 461 F.3d at 438. In conducting this review, the court follows generally the procedural and substantive considerations employed in reviewing original sentences. Id. at 438-39; see United States v. Finley, 531 F.3d 288, 294 (4th Cir. 2008) ("In applying the 'plainly unreasonable' standard, we first determine, using the instructions given in Gall [v. United States, 552 U.S. 38, 51 (2007)], whether a sentence is 'unreasonable.'").

The district court commits procedural error if, for example, it improperly calculates the advisory policy statement

4

sentencing range. Gall, 552 U.S. at 51. In assessing whether the district court properly applied the Guidelines, this court reviews the district court's factual findings for clear error and its legal conclusions de novo. United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008). For mixed questions of law and fact, the court applies a due deference standard of review. Id. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence[,]" procedural error also occurs when the district court fails to adequately explain the chosen sentence with an "individualized assessment." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal citation and quotation marks omitted). "If, and only if, [the court] find[s] the sentence procedurally reasonable can [it] consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Carter, 564 F.3d at 328 (internal quotation marks and citations omitted).

If the court concludes that a sentence is reasonable, it should affirm the sentence. Crudup, 461 F.3d at 439. If a sentence is found procedurally or substantively unreasonable,

however, this court must "decide whether the sentence is plainly unreasonable." Id.; see Finley, 531 F.3d at 294. Although the district court must consider the Chapter 7 policy statements and the relevant requirements of 18 U.S.C.A. §§ 3553(a), 3583 (West 2000 & Supp. 2009), "the [district] court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Crudup, 461 F.3d at 439 (internal quotation marks and citations omitted). Our review of the record leads us to conclude that the district court correctly concluded that advance notice of its consideration of a sentence above the Guidelines range was not required. The court adequately explained its sentence, and tailored that explanation to Green's individual circumstances. The sentence imposed by the district court was reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. We deny Green's motion to transfer. This court requires that counsel inform Green, in writing, of the right to petition the Supreme Court of the United States for further review. If Green requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Green.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED